# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AVROHOM SCHWEBEL, individually and on behalf of all others similarly situated, | : : : | Civil Action No.: 7:19-cv-08821 |
| Plaintiff, | : : : | |
| v. | : : : | |
| RESURGENT CAPITAL SERVICES, LP, LVNV FUNDING, LLC, and JOHN DOES 1-25 | : : : : | |
| Defendants. | : : | |

## DEFENDANTS RESURGENT CAPITAL SERVICES, LP, AND LVNV FUNDING, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Peter G. Siachos, Esq.

**GORDON & REES LLP**
One Battery Park Plaza, 28th Floor
New York, NY 10004
Tel: (212) 269-5500
Fax: (212) 269-5505
E-mail: psiachos@grsm.com
E-mail: rscott@grsm.com
*Attorneys For Defendants*
*Resurgent Capital Services, L.P. and*
*LVNV Funding, LLC*

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ...........................................................................................................3

STANDARD OF REVIEW ..........................................................................................................4

LEGAL ARGUMENT ..................................................................................................................5

    A.    Fair Debt Collection Practices Act Standard ............................................................5

    B.    Resurgent Did Not Violate Sections 1692e and 1692g Of The FDCPA Because The Letter's Language Did Not Contradict The Validation Notice ..........6

CONCLUSION............................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akoundi v. FMS, Inc.*,
    2014 WL 6603916 (S.D.N.Y. Nov. 14, 2014) .......................................................................... 4

*Alexander v. Bd. of Educ. of City Sch. Dist. of New York*,
    2015 WL 2330126(S.D.N.Y. May 14, 2015) ......................................................................... 4

*Arend v. Total Recovery Servs.*,
    No. 05-CV-3064 (DLI)(JMA), 2006 U.S. Dist. LEXIS 50479 (E.D.N.Y. July 24,
    2006) .................................................................................................................................. 8, 9

*Arista Records LLC v. Doe 3*,
    604 F.3d 110, (2d Cir. 2010) .................................................................................................. 4

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ........................................................................................................... 4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................... 4

*Brenker v. Creditors Interchange, Inc.*,
    2004 U.S. Dist. LEXIS 4825 (S.D.N.Y. Mar. 24, 2004) ..................................................... 8, 9

*Clomon v. Jackson*,
    988 F.2d 1314 (2d Cir. 1993) ................................................................................................. 5

*Deleon v. Action Collection Agency of Bos.*,
    2018 U.S. Dist. LEXIS 75742 (S.D.N.Y. May 3, 2018) ........................................................ 8

*Dohisty v. Citibank (S. Dakota) N.A.*,
    375 F. Supp. 2d 158 (E.D.N.Y. 2005) .................................................................................... 4

*Gabriele v. Am. Home Mortg. Servicing*,
    503 F. App'x 89 (2d Cir. 2012) ............................................................................................... 5

*Greco v. Trauner, Cohen & Thomas, L.L.P.*,
    412 F.3d 360 (2d Cir. 2005) ................................................................................................... 8

*Lanfranco v. Chase Bank*,
    2015 WL 2452602 (E.D.N.Y. May 21, 2015) ........................................................................ 4

*McCrobie v. Palisades Acquisition XVI, LLC*,
    2019 U.S. Dist. LEXIS 25457 (W.D.N.Y. Feb. 14, 2019) ..................................................... 5

*Okyere v. Palisades Collection, LLC*,
    961 F. Supp. 2d 508 (S.D.N.Y. 2013) ................................................................... 6

*Rigerman v. Forster & Garbus LLP*,
    2015 U.S. Dist. LEXIS 32213 (E.D.N.Y. Mar. 16, 2015)....................................... 5

*Santora v. Capio Partners, LLC*,
    2017 U.S. Dist. LEXIS 160118 (E.D.N.Y. Sep. 28, 2017) ..................................... 7

*Suquilanda v. Cohen & Slamowitz, LLP*,
    2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sep. 7, 2011) ....................................... 5

*Taylor v. Fin. Recovery Servs.*,
    886 F.3d 212 (2d Cir. 2018) ................................................................................... 5

*Weber v. Comput. Credit, Inc.*,
    259 F.R.D. 33 (E.D.N.Y. 2009).............................................................................. 7

**Statutes**

15 U.S.C. § 1692.................................................................................................................. 1

15 U.S.C. § 1692e ...................................................................................................... 6, 9, 11

15 U.S.C. § 1692e (10) ....................................................................................................... 7

15 U.S.C. § 1692g............................................................................................ 1, 6, 7, 8, 9, 11

**Rules**

FED. R. CIV. P. 12 (b)(6) ................................................................................................ 2, 4

## **PRELIMINARY STATEMENT**

Plaintiff Avrohom Schwebel ("Plaintiff") misunderstands the elements of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") in his putative class action Complaint ("Complaint"). To support his contrived claim that defendants Resurgent Capital Services, L.P. ("Resurgent") and LVNV Funding, LLC ("LVNV") (collectively, "Defendants") violated the FDCPA, Plaintiff relies on the alleged fact that Resurgent sent him a letter simply acknowledging a prior dispute letter Plaintiff sent only days before. As such, the facts Plaintiff alleges in his Complaint defeat his own conclusory claims – the instant letter did not confuse Plaintiff as to his validation rights because Plaintiff already effectively disputed his Debt.

Plaintiff incurred the underlying debt (the "Debt"), fell behind on his payments, and went into default on his account. Plaintiff alleges that, in an attempt to collect the debt, Resurgent sent him a letter on or about April 5, 2019 that stated "Resurgent . . . manages the above referenced account for LVNV . . . and has initiated a review of the inquiry we recently received." However, Resurgent did not seek to collect the Debt by sending its letter, but merely notified Plaintiff that a review of his dispute was underway. Because Resurgent was communicating with Plaintiff for the first time on LVNV's behalf, it included the FDCPA's mandatory 1692g validation notice.[1] The Letter's validation notice tracks the statutory language, clearly conveying that, in order to dispute the validity of the Debt, Plaintiff must do so within 30 days of his receipt of the Letter.

---

[1] Given the Second Circuit's broad definition of "communication" under the FDCPA, Resurgent cannot get around this requirement. Resurgent, who did not attempt to collect the Debt, but merely managed Plaintiff's account that LVNV owns (which included handling and investigating incoming disputes). The application of 1692g, in reality, provides Plaintiff with 30 additional days to dispute his debt again, tacked-on from the validation period corresponding with the first dunning letter he received from the debt collector. Because the FDCPA operates in this fashion, it is not deceptive to inform Plaintiff that his "inquiry" was under review, and that the FDCPA also provided him with 30 days from the date of Defendants' Letter to dispute his Debt again.

Plaintiff fails to mention that "inquiry," as it appears in the Letter, refers to a dispute letter that Plaintiff sent requesting verification of his Debt days before he received Defendants' Letter. This necessarily means that, at some point prior to receiving the Letter, Plaintiff was made aware of his validation rights pertaining to the Debt. It also necessarily means that Plaintiff understood those rights and appropriately disputed his Debt, as suggested by Defendants' Letter.

Plaintiff's clear attempt to bait Defendants into statutory violations should not be tolerated by this Court. In the instant scenario, Plaintiff initiated a communication with Defendants to solicit the very response he received. Plaintiff now claims that Defendants' Letter acknowledging Plaintiff's dispute confused him with regard to his rights, merely because it also included the validation notice. But the Letter does not state, "there is no need for you to resubmit your dispute," or "you should not submit a second dispute," or anything else of that nature. Indeed, if Plaintiff wanted Defendant to validate the Debt for a second time, the law provided him that right, and the Letter informs him of this without deterring him from doing so. If there is anything at all confusing about the Letter, its source derives from the FDCPA's requirements and application.

In reality, Plaintiff and Defendants both knew that Resurgent's April 5, 2019 Letter's only purpose was to assure Plaintiff that he had properly effectuated his rights. Plaintiff was not harmed in any sort of material way because, as the Letter confirmed, he had already effectuated his rights under the FDCPA.[2] Accordingly, Defendants respectfully request that the Court grant its motion to dismiss pursuant to FED. R. CIV. P. 12 (b)(6) as Plaintiff has failed to state a plausible legal claim.

---

[2] Shortly thereafter, Resurgent sent correspondence with the Debt's account history to Plaintiff, validating Plaintiff's Debt.

**STATEMENT OF FACTS**

At some point prior to April 5, 2019, Plaintiff went into default on the Debt that he incurred, which was then charged-off by the original creditor, Credit One Bank, N.A. ("Credit One"). *See* Declaration of R. Andrew Scott, Esq. dated February 5, 2020 ("Scott Decl."), Exhibit A, Complaint ("Compl."), ¶ 23. Thereafter, LVNV acquired the Debt. Resurgent managed the Debt, and handled incoming disputes. *See id.* at ¶ 27, Ex. A. On or about March 27, 2019, Plaintiff sent a letter inquiring into the validity of the Debt and properly requesting verification.[3] *Id.* at ¶¶ 33-40, Ex. A. In response to Plaintiff's March 27, 2019 letter, Resurgent sent Plaintiff a letter, dated April 5, 2019 (the "Letter"), that contained the following language:

> Resurgent Capital Services L.P. manages the above referenced account for LVNV Funding LLC and has initiated a review of the inquiry we recently received.
>
> For further assistance, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.

*See* Compl. ¶ 33 (hereinafter referred to as, "Inquiry Language"). Additionally, the bottom-portion of the Letter provided language almost verbatim to the statute itself, conveying Plaintiff's rights (i.e., validation notice) as follows:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt, or any portion thereof, we will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

---

[3] Plaintiff addressed his letter to the debt collector Firstsource Advantage, LLC ("Firstsource"), the entity attempting to collect the Debt on LVNV's behalf. Firstsource forwarded Plaintiff's dispute letter to Defendants on March 28, 2019.

*See* Compl. ¶ 34.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12 (b)(6) permits a party to move to dismiss an action if the action fails to state a claim upon which relief can be granted. To survive dismissal, the cause of action must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In evaluating the sufficiency of a complaint, the Court must engage in a two-step process. First, the court must begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *see also Dohisty v. Citibank (S. Dakota) N.A.*, 375 F. Supp. 2d 158, 161 (E.D.N.Y. 2005) (internal quotations and citation omitted). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 1949; *Lanfranco v. Chase Bank*, 2015 WL 2452602, at *1 (E.D.N.Y. May 21, 2015). Second, the court must decide whether the remaining allegations in the complaint—taken as true— state a "plausible claim for relief." *Twombly*, 550 U.S. at 1950.

And while a plaintiff is permitted to plead facts "upon information and belief," this form of pleading is allowed only where "the facts are peculiarly within the possession and control of the defendant . . . or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (citations omitted). These allegations "must be accompanied by a statement of the facts upon which the belief is founded." *Akoundi v. FMS, Inc.*, 2014 WL 6603916, at *1 (S.D.N.Y. Nov. 14, 2014); *see also Alexander v. Bd. of Educ. of City Sch. Dist. of New York*, 2015 WL 2330126, at *2 (S.D.N.Y. May 14, 2015).

Here, taking the allegations of Plaintiff's Complaint as true, Plaintiff fails to plead particularized facts. There is nothing confusing about the Letter, even to the least sophisticated consumer. Plaintiff's failure to plead concrete facts that support his claim warrants dismissal of this action with prejudice.

## LEGAL ARGUMENT

### A.  Fair Debt Collection Practices Act Standard

Congress' intent in enacting the FDCPA was to protect consumers without imposing unnecessary restrictions on ethical debt collectors. S. Rep. No. 95-382, 95th Cong., 1st Sess. 1 (1977). The purpose of the statute is to protect consumers while allowing companies to employ efficient, reasonable, and ethical practices in pursuit of their profession. *Id.* As such, Second Circuit Courts are guided by two principles of statutory construction when analyzing whether collection notices violate the FDCPA: (1) that the FDCPA is construed liberally in order to eliminate abusive practices by debt collectors and (2) that collection notices are analyzed as if perceived by the "least sophisticated consumer." *See Gabriele v. Am. Home Mortg. Servicing*, 503 F. App'x 89, 94 (2d Cir. 2012); *McCrobie v. Palisades Acquisition XVI, LLC*, 2019 U.S. Dist. LEXIS 25457, at *7 (W.D.N.Y. Feb. 14, 2019); *Taylor v. Fin. Recovery Servs.*, 886 F.3d 212 (2d Cir. 2018).

While the least sophisticated debtor standard protects naive consumers, it also "***protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices.***" *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993) (emphasis added); *see also Suquilanda v. Cohen & Slamowitz, LLP*, 2011 U.S. Dist. LEXIS 102727, at *13 (S.D.N.Y. Sep. 7, 2011); *Rigerman v. Forster & Garbus LLP*, 2015 U.S. Dist. LEXIS 32213, at *9 (E.D.N.Y. Mar. 16, 2015).

To state a *prima facie* claim under the FDCPA, Plaintiff must allege plausible facts showing that "(1) the plaintiff [is] a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508, 514 (S.D.N.Y. 2013). Here, Plaintiff fails to plead a *prima facie* case under the FDCPA because Defendants' Letter is not deceptive and sufficiently informed Plaintiff of his rights under Section 1692g of the FDCPA without conflict. Accordingly, Defendants' motion to dismiss should be granted.

**B.     Resurgent Did Not Violate Sections 1692e and 1692g Of The FDCPA Because The Letter's Language Did Not Contradict The Validation Notice**

Plaintiff's allegations fail to state a claim and should accordingly be dismissed. A debt collector is not liable under the FDCPA for sending a dunning letter to a debtor with content that is not at conflict with its mandatory validation notice. As such, Plaintiff's conclusory allegations that Defendants violated the FDCPA fail.

Plaintiff fails to allege facts supporting the claim that Defendants violated any provision of the FDCPA. Plaintiff claims in conclusory fashion that Defendants violated Section 1692e and 1692g of the FDCPA. However, the Letter's substance – i.e., the Inquiry Language – did not contradict the validation notice, as it merely served as notice that Plaintiff had already properly effectuated his rights under Section 1692g of the FDCPA. It also accurately tracks the 1692g validation notice language. Accordingly, the Letter is not deceptive and does not overshadow Plaintiff's rights. Therefore, Plaintiff fails to sufficiently state a plausible claim.

The FDCPA prohibits a debt collector from using any "false, deceptive, or misleading representation" to collect a debt. 15 U.S.C. § 1692e. Specifically, for example, a debt collector

may not "use any false representation or deceptive means to . . . attempt to collect any debt." 15 U.S.C. § 1692e (10). Additionally, Section 1692g of the FDCPA provides that a debt collector must furnish, in the initial communication with a debtor or within five days thereafter, information concerning the debtor's rights.[4] *See* 15 U.S.C. § 1692g. A debt collector "may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *Santora v. Capio Partners, LLC*, 2017 U.S. Dist. LEXIS 160118, at *3-4 (E.D.N.Y. Sep. 28, 2017); *see also Weber v. Comput. Credit, Inc.*, 259 F.R.D. 33, 41 (E.D.N.Y. 2009). A communication overshadows the validation notice when (1) it is "'reasonably susceptible to an inaccurate reading' of the required message" or (2) "contains language that *overshadows or contradicts* other language informing a consumer of her rights." *Weber*, 259 F.R.D. at 33, 37, 41 (finding that "[a] second letter, sent by a debt collector inside the thirty-day validation period stating: '[d]espite our previous [validation] notification, you must pay

---

[4] The disclosure must state:

    (1)    the amount of the debt;
    (2)    the name of the creditor to whom the debt is owed;
    (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
    (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
    (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

us immediately', would 'cast a shadow' upon and 'diminish the apparent eminence or importance' of the validation notice that informs the debtor of the right to dispute the debt.").

However, the least sophisticated consumer is "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005); *Bodur*, 829 F. Supp. 2d at 253 (S.D.N.Y. 2011); *see also Deleon v. Action Collection Agency of Bos.*, 2018 U.S. Dist. LEXIS 75742, at *4 (S.D.N.Y. May 3, 2018) ("[c]ollection notices are not deceptive simply because certain essential information is conveyed implicitly rather than explicitly.").

A collection letter does not violate the FDCPA if it purports to extend a 30-day validation notice without vitiating it. *See Brenker v. Creditors Interchange, Inc.*, 2004 U.S. Dist. LEXIS 4825, at *9 (S.D.N.Y. Mar. 24, 2004). In *Brekner*, a debt collector sent an initial communication to a debtor in an effort to collect a debt on or about December 26, 2002. *See id.* at *2. The initial collection letter tracked the FDCPA's validation notice. *See id.* at *2-3. The debt collector sent the debtor a second letter on December 31, 2002, identifying the original creditor and again tracking the validation notice. *See id.* at *2-3. The Court held that the two validation notices did not violate the FDCPA:

> The only possible confusion would be as to whether the second letter extended the original 30-day period. Since Plaintiff had properly been informed of that required validation period, a question as to whether Defendant had extended further that period is not one that would have vitiated the validity of the original notice. Plaintiff had clearly been informed that she could protect her rights by responding within thirty days of receipt of the original letter.

Id. at *9; *see also Arend v. Total Recovery Servs.*, No. 05-CV-3064 (DLI)(JMA), 2006 U.S. Dist. LEXIS 50479, at *9 (E.D.N.Y. July 24, 2006) ("[Section] 1692g of the FDCPA does not prohibit a debt collector from giving the consumer more than thirty days to exercise his right to obtain

validation of the debt. It is neither deceitful nor false, even to the least sophisticated consumer, for Defendant to offer Plaintiff additional time to exercise his right to obtain validation of the debt. In fact, Plaintiff sought verification of the debt and Defendant provided Plaintiff with validation, namely the creditors invoice listing the debt.").

Here, the Letter does not set forth a single false or misleading statement in violation of 1692e. Nor does the Letter overshadow Plaintiff's Section 1692g rights as set forth in its validation notice. It is clear that the Inquiry Language is not false; otherwise, Defendants would not have known to send Plaintiff the Letter in the first place. In other words, Defendants must have received Plaintiff's inquiry letter and initiated a review, otherwise Resurgent would not have known to send Plaintiff the Letter.

Further, Plaintiff cannot plausibly claim he was misled with regard to his 1692g rights. But-for Plaintiff having already exercised his rights, Resurgent would not have sent the Letter. Plaintiff cannot later claim he was confused about the content of the Letter – the Letter confirms the very dispute that he effectuated. However, assuming *arguendo* that Plaintiff, in fact, misconstrued the Letter, he nevertheless had already effectively disputed his Debt. Thus, the Letter's inclusion of the validation notice did not materially harm Plaintiff. Plaintiff could have done one of two things after he received the Letter, either dispute the Debt a second time or not dispute the Debt a second time. Either way, as is apparent from the Letter, Resurgent had initiated its review and would provide Plaintiff with validating materials, which it ultimately did. At worst, Defendants' Letter operated only to extend Plaintiff's right to go through the futile motions of disputing the Debt for a second time. This is not a violation of the FDCPA. *See Brekner*, 2004 U.S. Dist. LEXIS 4825, at *9; *Arend*, 2006 U.S. Dist. LEXIS 50479, at *9.

Regardless, the Inquiry Language is not inconsistent with the validation notice. It does not falsely inform Plaintiff that he cannot or should not dispute his Debt (even though additional disputes would have been futile).[5] Nor does it limit the amount of time Plaintiff had to dispute his Debt to less than 30-days. If anything, Defendant's Letter extended the original validation notice period, which is not a violation of the FDCPA.[6] Plaintiff's alleged misunderstanding is immaterial under the FDCPA because he understood his rights in a way that allowed him to effectuate his Section 1692g right to dispute on March 27, 2019. Thus, Defendants Letter does not violate the FDCPA.

---

[5] Defendants could have explicitly stated that Plaintiff need not dispute his Debt given Plaintiff's recent inquiry. Of course, since the FDCPA gives a debtor 30 days from a debtor collector's initial communication, Plaintiff could theoretically bring suit claiming such statement is misleading. Alternatively, Defendants could have also explicitly stated that Plaintiff must dispute his Debt again to effectuate his rights. Plaintiff then would have brought suit claiming such statement is false because Plaintiff had already disputed his Debt on or about March 27, 2019. Defendants' Letter quite simply conveyed Plaintiff's rights to him in the clearest possible way.

[6] Plaintiff alleges the inverse – that the Inquiry Language would "lead[] him to believe that their [sic] account is already under review and that he does not need to dispute the debt." *See* Compl., ¶ 36. Of course, because Plaintiff already effectively disputed his Debt Plaintiff's alleged belief was not mistaken. Further, even though Resurgent already acknowledged Plaintiff's dispute and initiated a review of his inquiry, Resurgent's initial communication legally entitled Plaintiff to 30-days to dispute his Debt from April 5, 2019 (assuming *arguendo* that the Letter was an attempt to collect). Put differently, Resurgent was entitled to assume the Debt was valid, unless Plaintiff disputed the Debt on or before May 5, 2019; and Plaintiff disputed his Debt before that date.

## CONCLUSION

Based on the foregoing, Defendants respectfully requests that the Court dismiss all Counts of Plaintiff's Complaint and award Defendants costs and fees of suit. Plaintiff utterly fails to allege that Defendants engaged in false, deceptive, or misleading practices, overshadowing the validation notice, in violation of §§ 1692e and 1692g.[7]

Dated: February 27, 2020

                              **GORDON REES SCULLY MANSUKHANI LLP**
                              *Attorneys for Defendants*
                              *Resurgent Capital Services, L.P. and*
                              *LVNV Funding, LLC*

                              By: */s/ Peter G. Siachos*
                                       Peter G. Siachos

                              One Battery Park Plaza, 28th Floor
                              New York, NY 10004
                              Tel: (212) 269-5500
                              Fax: (212) 269-5505

---

[7] Defendants are currently investigating whether an arbitration clause contained in the underlying credit agreement is applicable to the instant dispute. Defendants respectfully reserve the right to file a motion to compel arbitration should such a clause be applicable.