UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AVROHOM SCHWEBEL, *individually and on
behalf of all others similarly situated*,

Plaintiff,

v.

RESURGENT CAPITAL SERVICES, L.P., *et al.*,

Defendants.

No. 19-CV-8821 (KMK)

OPINION & ORDER

APPEARANCES:

Kenneth Willard, Esq.
Raphael Deutsch, Esq.
Stein Saks, PLLC
Hackensack, NJ
*Counsel for Plaintiff*

Randolph A. Scott, Esq.
Peter G. Siachos, Esq.
Gordon & Rees, LLP
Florham Park, NJ
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

Plaintiff Avrohom Schwebel ("Plaintiff") brings this putative Class Action against

Resurgent Capital Services, L.P. ("Resurgent"), LVNV Funding ("LVNV"), and John Does 1-25

(the "Doe Defendants") (collectively, "Defendants"), alleging that Defendants engaged in

unlawful credit and collection practices in violation of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq.*  (Compl. (Dkt. No. 1).)[1]  Before the Court is Defendants'

---

[1] "John Does 1–25[] are fictitious names of individuals and businesses alleged for the
purpose of substituting names of [d]efendants whose identities will be disclosed in discovery and
shall be made parties to this action."  (Compl. ¶ 12.)

Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion").  (Not. of Mot. (Dkt. No. 25).)  For the following reasons, the Motion is denied.

I.  Background

A.  Factual History

The following facts, drawn from Plaintiff's Complaint and accompanying exhibits, are taken as true for the purposes of resolving the instant Motion.

Plaintiff is a resident of Rockland County, New York.  (Compl. ¶ 7.)  At some time before April 5, 2019, Plaintiff allegedly acquired a "debt obligation" (the "Debt") held by Credit One Bank, N.A.  (*Id.* ¶¶ 23, 25–26.)  Subsequently, Credit One Bank (and thus the Debt) was acquired by LVNV, which then contracted with Resurgent to collect the Debt.  (*Id.* ¶ 27.)  Plaintiff avers that LVNV and Resurgent are "debt collectors" which "regularly engage in business the principal purpose of which is to attempt to collect debts" using "the mail, telephone, and facsimile."  (*Id.* ¶¶ 8–11.)

On or about April 5, 2019, Resurgent sent Plaintiff a letter (the "Letter") concerning the Debt.  (*Id.* ¶ 29.)  Plaintiff labels the communication from Resurgent an "initial contact notice." (*Id.*)[2]  The first page of the Letter includes a box in the top right corner that contains several

---

[2] In their papers, Defendants assert several facts about the events surrounding the sending of the Letter.  (*See* Defs.' Mem. of Law in Supp. of Mot. ("Defs.' Mem.") 1–2 (Dkt. No. 26).) Specifically, Defendants assert that the Letter simply responded to and acknowledged "a prior dispute letter Plaintiff sent only days before."  (*Id.*)  Defendants also explain that shortly after sending the April 5, 2019 Letter, "Resurgent sent correspondence with the [d]ebt's account history to Plaintiff, validating Plaintiff's [d]ebt."  (*Id.* at 2 n.2.)  These assertions—if substantiated at later stages of the proceedings—may well fatally undermine Plaintiff's argument that the Letter was misleading under the circumstances.  (*See infra* note 3.)  However, as Defendants' assertions do not appear in the Complaint, the Court cannot consider them at this stage.  *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) ("[W]e do not look beyond facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken." (quotation marks and alterations omitted)).

pieces of information about the Debt, including the amount and identity of its current owner.

(*See* Compl. Ex. A ("Letter"), at 1 (Dkt. No. 1-1).)  In what appears to be its main text, the Letter

states:

> Dear Avrohom Schwebel,
>
> Resurgent[] manages the above referenced account for LVNV[] and has initiated a review of the inquiry we recently received.  For further assistance, please contact one of our Customer Services Representatives toll-free at 1-866-464-1187.

(Letter; *see also* Compl. ¶ 33.)  The Court refers to this part of the Letter as "the Inquiry Notice."

The second page of the Letter includes text explaining an indebted person's rights under

the FDCPA:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt, or any portion thereof, we will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of us in writing within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

 (*Id.* ¶ 34.)  The Court refers to this text as the "Validation Notice."

Plaintiff alleges that, as a consumer, he was "le[ft] confused" by the combination of the

Inquiry Notice and the Validation Notice and that he therefore "incurred an informational

injury."  (*Id.* ¶¶ 35–38.)  In particular, Plaintiff alleges that while the Inquiry Notice "leads him

to believe that [his] account is already under review and that he does not need to dispute the

debt," the Validation Notice suggests the opposite by stating that "he has thirty days to dispute

his debt."  (*Id.* ¶ 36.)  Similarly, Plaintiff alleges that the Inquiry Notice's suggestion that he "call

to discuss for further assistance" misled him "by implying that a phone call is sufficient to

discuss all facets of the account including disputing the debt, when in reality, in order to properly

assert all his rights, [] Plaintiff must put the dispute request in writing."  (*Id.* ¶ 37.)

3

Plaintiff seeks actual damages, statutory damages, costs, and attorneys' fees for Defendants' alleged violations of 15 U.S.C. §§ 1692e and §1692g.  (Compl. ¶¶ 41–50.)  Finally, Plaintiff also seeks to certify the instant Action as a class action on behalf of:

> all individuals with addresses in the state of New York to whom [] Resurgent sent an initial collection letter attempting to collect a consumer debt[] on behalf of [] LVNV[] that included materially misleading and contradictory language regarding the status of a consumer[']s dispute as well as the method of communication a consumer must use in order to assert their dispute rights under 15 U.S.C. §§ [1692e(10) and] 1692g[] [that] was sent on or after a date one [] year prior to the filing of this [A]ction and on or before a date [21] [] days after the filing of this [A]ction . . . [but] [e]xclud[ing] . . . Defendants and all officer [sic], members, partners, managers, directors and employees of [] Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

(Compl. ¶¶ 14, 16.)

B.  Procedural History

Plaintiff filed the Complaint on September 23, 2019.  (Dkt. No. 1.)  Pursuant to a briefing schedule adopted at a conference held on January 9, 2020, (Dkt. No. 16), Defendants filed their Motion and accompanying papers on February 5, 2020, (Dkt. No. 19), and, due to a filing error, refiled the same on February 27, 2020, (see Not. of Mot.; Defs.' Mem.; Decl. of Peter G. Siachos in Supp. of Mot. ("Siachos Decl.") (Dkt. No. 27)).  Plaintiff filed his Opposition on February 19, 2020.  (Pl.'s Mem. in Opp'n to Mot. ("Pl.'s Mem.") (Dkt. No. 20).)  Defendants filed their Reply on March 11, 2020.  (Defs.' Reply Mem. in Further Supp. of Mot. ("Defs.' Reply") (Dkt. No. 29).)

II.  Discussion

A.  Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In considering a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[f]or the purpose of resolving [a] motion to dismiss, the Court . . . draw[s] all reasonable

5

inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).

B.  Analysis

Defendants argue that Plaintiff has failed to state a claim under the FDCPA because the Letter was not sent pursuant to a debt collection, because it adequately informs Plaintiff of his rights, and because its text creates no risk of confusion.  (*See generally* Defs.' Mem.)  The Court considers these arguments to the extent that they are necessary to resolve the instant Motion.

1.  The FDCPA Generally

"The purpose of the FDCPA is to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (quoting 15 U.S.C. § 1692e).  "The FDCPA establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights." *Id.* (quotation marks omitted); *see also Plummer v. Atl. Credit & Fin., Inc.*, 66 F. Supp. 3d 484, 487 (S.D.N.Y. 2014) (same).  "Debt collectors that violate the FDCPA are strictly liable, meaning that a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012) (quotation marks omitted).  Moreover, a single violation is sufficient to subject a debt collector to liability under the statute. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 133 (2d Cir. 2010) (noting that "a single violation of the FDCPA is sufficient to impose liability").  To prevail on a claim under the FDCPA, three requirements must be met: "(1) the plaintiff must be a 'consumer' who

6

allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 529 (S.D.N.Y. 2013) (citation omitted).

       2.  Application

     Here, the Parties do not dispute that Plaintiff has adequately alleged that he is a "consumer" and that Defendants are "debt collector[s]" within the meaning of the FDCPA.  (*See generally* Defs.' Mem.)  However, Defendants vigorously dispute whether Plaintiff has adequately alleged that they violated any FDCPA requirements.  Two such FDCPA requirements are at issue here: First, § 1692g provides that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing," inter alia, "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt . . . the debt will be assumed to be valid by the debt collector."  15 U.S.C. § 1692g(a).  The same provision also provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."  *Id.* § 1692g(b).  Second, § 1692e prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).

     Thus, the Parties dispute three issues with respect to these provisions: whether the Letter (1) was an attempt to collect a debt; (2) was "deceptive" under § 1692e(10); and (3) sufficiently informed Plaintiff of his rights under § 1692g(a).  The Court addresses each issue in turn.

a.  An Attempt to Collect a Debt

Both FDCPA provisions at issue here apply only where a communication is sent "in connection with the collection of any debt."  *See* 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means *in connection with the collection of any debt*." (emphasis added)); 15 U.S.C. § 1692g(a) ("Within five days after the initial communication with a consumer *in connection with the collection of any debt . . . .*" (emphasis added)).  As the Second Circuit has explained, "whether a communication is 'in connection with the collection of [a] debt' is a question of fact to be determined by reference to an objective standard."  *Hart v. FCI Lender Servs., Inc*., 797 F.3d 219, 225 (2d Cir. 2015).  Thus, a court deciding whether a communication violates the FDCPA must determine whether "a consumer receiving the communication could reasonably interpret it as being sent 'in connection with the collection of [a] debt,' rather than inquiring into the sender's subjective purpose."  *Id.*

Here, Plaintiff's allegations suffice for this standard.  The Letter, which Plaintiff attaches to his Complaint, states as part of the Validation Notice: "[t]his is an attempt to collect a debt and any information obtained will be used for that purpose."  (Letter 2.)  Moreover, the Second Circuit has previously found that two nearly identical statements created the impression that they were sent in connection with debt collection.  *See Carlin v. Davidson Fink LLP*, 852 F.3d 207, 215 (2d Cir. 2017) (holding that an FDCPA plaintiff adequately alleged that a letter was sent "in connection with the collection of a debt" where the letter contained the statement "[t]his is an attempt to collect a debt.  Any information obtained from you will be used for that purpose"); *Hart*, 797 F.3d at 226 (holding that "[a] reasonable consumer" would interpret the statement, "this is an attempt to collect upon a debt" as indicating debt collection); *cf. Collazo v. Resurgent Capital Servs., L.P.*, No. 19-CV-6050, 2020 WL 1161433, at *5 (W.D.N.Y. Mar. 11, 2020)

8

(holding that two letters were not collection attempts because they "lack[ed] many of the 'dispositive characteristics' that the Second Circuit found significant in *Carlin* and *Hart*," and because one letter "expressly provided" that it was "for informational purposes only" and was "not an attempt to collect a debt").  Plaintiff has therefore successfully alleged that "a consumer receiving the communication could reasonably interpret it as being sent 'in connection with the collection of a debt.'"  *Hart*, 797 F.3d at 225 (alteration omitted).

### b.  Deceptive or Misleading Communication

"The FDCPA creates a general prohibition against the use of 'false, deceptive, or misleading representation or means in connection with the collection of any debt.'"  *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003) (quoting 15 U.S.C. § 1692e). "Section 1692e contains a non-exhaustive list of practices within the purview of this prohibition . . . ."  *Id.*  Relevant here is § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).  Thus, "[a] plaintiff may state a claim for an FDCPA violation by alleging that a defendant made a representation that was false or deceptive or misleading."  *Russo v. United Recovery Sys., LP*, No. 14-CV-851, 2014 WL 7140498, at *4 (E.D.N.Y. Dec. 12, 2014) (emphases, alteration, and quotation marks omitted); *see also Sutton v. Fin. Recovery Servs., Inc.*, 121 F. Supp. 3d 309, 313 (E.D.N.Y. 2015) ("A collection letter will be considered deceptive when it could mislead a putative-debtor as to the nature and legal status of the underlying debt, or when it could impede a consumer's ability to respond to or dispute collection." (quotation marks, alteration, and citation omitted)); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34–35 (2d Cir. 1996) (finding a violation of § 1692e(10) where a consumer could have read a collection letter to allow her either 30 days or 10 days to dispute her

claim).  Courts "apply an objective test based on the understanding of the 'least sophisticated consumer' in determining whether a [communication] violates [§] 1692e." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993); *see also Easterling*, 692 F.3d at 233 ("Whether a collection letter is false, deceptive, or misleading under the FDCPA is determined from the perspective of the objective least sophisticated consumer." (quotation marks omitted)). "Under this standard, 'collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Easterling*, 692 F.3d at 233 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).  However, "in crafting a norm that protects the naïve and the credulous the courts have carefully preserved the concept of reasonableness." *Id.* (quotation marks and citation omitted).

Here, Plaintiff argues that the Inquiry Notice "misleads . . . Plaintiff to believe that . . . no further dispute is needed," effectively "deceiv[ing Plaintiff] not to exert its rights under the FDCPA."  (Compl. ¶¶ 39, 49.)  Defendants counter that the Inquiry Notice is not misleading because it "makes no claim or statement advising Plaintiff that no further action was needed on Plaintiff's part in order to invoke Plaintiff's validation rights."  (Defs.' Reply 5.)

The Court agrees with Plaintiff.  The Inquiry Notice states that "a review of [his] inquiry" has been "initiated," and directs him to call a toll-free number if he wishes to receive "further assistance."  (*See* Letter 1.)  Drawing all inferences in Plaintiff's favor, a "least sophisticated consumer" may well interpret these statements as suggesting that he need *not* file a written dispute in order to maintain his validation rights.[3]  In other words, Plaintiff might assume, based

---

[3] Of course, if Plaintiff had *already* filed such a written dispute (as Defendants appear to assert), such an interpretation of the Letter might be far less plausible.  Indeed, under such circumstances, even the least sophisticated consumer would likely understand the "Inquiry Notice" as a simple acknowledgment of his prior dispute letter, and the "Validation Notice" as a

on the Inquiry Notice (and despite the Validation Notice), that he need not do anything further to dispute his debt, and may therefore fail to send a written dispute or validation request, resulting in an inadvertent forfeiture of his FDCPA rights.  Creating such uncertainty about the appropriate method of dispute resolution is sufficient to state a claim under the FDCPA.  *See Russell*, 74 F.3d at 34–35 (finding a violation of § 1692e(10) where a consumer could have read a collection letter to allow her either 30 days or 10 days to dispute her claim); *see also Ellis v. Solomon & Solomon, P.C.*, 599 F. Supp. 2d 298, 304 (D. Conn. 2009) (explaining that the defendants violated the FDCPA where "a consumer could reasonably be confused about whether her opportunity to contest the debt [through the means prescribed by the FDCPA] . . . was now limited"), *aff'd*, 591 F.3d 130 (2d Cir. 2010).

### 3.  Informing Plaintiff of his § 1692g Rights

Plaintiff has also adequately alleged that the Letter violates § 1692g.  First, "courts in [the Second] Circuit have held that the standard for determining a violation of § 1692e(10) is essentially the same as that for § 1692g."  *Papetti v. Rawlings Fin. Servs., LLC*, 121 F. Supp. 3d 340, 353 (S.D.N.Y. 2015) (quotation marks omitted); *see also Musarra v. Balanced Healthcare Receivables, LLC*, No. 19-CV-5814, 2020 WL 1166449, at *4 (E.D.N.Y. Mar. 11, 2020) (same).  Accordingly, the Court concludes that the Letter violates § 1692g for the same reasons already discussed with respect to Plaintiff's § 1692e(10) claim.

Second, as described above, § 1692g "requires a debt collector to provide a validation notice to a debtor—that is, to communicate certain information to a debtor when attempting to collect a debt."  *Hochhauser v. Grossman & Karaszewski, PLLC*, No. 19-CV-2468, 2020 WL

---

generic statement of one's FDCPA rights.  However, as noted above, the Court cannot consider facts beyond those asserted in the Complaint.

2042390, at \*3 (E.D.N.Y. Apr. 28, 2020).  This information includes the fact that "unless the

consumer, within thirty days after receipt of the notice, disputes the validity of the debt, . . . the

debt will be assumed to be valid by the debt collector," and that "if the consumer notifies the

debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is

disputed, the debt collector will obtain verification of the debt or a copy of a judgment against

the consumer."  15 U.S.C. § 1692g (emphasis added).  Moreover, § 1692g requires that a debt

collector must not only convey this information, but "must convey it clearly."  *Hochhauser*, 2020

WL 2042390, at \*3; *see also Jacobson v. Healthcare Fin. Servs., Inc.,* 516 F.3d 85, 90 (2d Cir.

2008) (applying "the least-sophisticated-consumer standard" to § 1692g notification

requirements).  Thus, "a debt collector violates § 1692g(a), even if the collector includes an

accurate validation notice, if that notice is overshadowed or contradicted by other language in

communications to the debtor."  *Id.*

      Here, based only on the facts alleged in the Complaint, the Court finds it plausible that an

unsophisticated consumer could interpret the Inquiry notice as "overshadowing" the Validation

Notice.  In other words, while the Validation Notice accurately informs Plaintiff of his rights and

explains the method by which Plaintiff can dispute the Debt, the Inquiry Notice suggests that the

Debt is *already* being investigated, that subsequent communication should be by phone, and that

further (and written) contact by Plaintiff might be unnecessary.  (*See* Letter 1.)  If Plaintiff had so

interpreted the Letter, his subsequent inaction could have resulted in the assumed validity of the

Debt at the end of the 30-day period.  The Court need not decide whether this interpretation of

the Letter is the best interpretation; it is enough that the Letter "would make the least

sophisticated consumer uncertain as to her rights."  *Jacobson*, 516 F.3d at 90; *see also Papetti*,

121 F. Supp. 3d at 350 (finding a § 1692g violation where a communication would leave the

least sophisticated consumer "unsure as to the nature and scope of his rights").  Here, such uncertainty is plausible.

Defendants' counterarguments are unavailing.  First, *Brenker v. Creditos Interchange, Inc.*, No. 03-CV-6500, 2004 WL 594502 (S.D.N.Y. Mar. 25, 2004), is inapposite. There, the court found that "the only possible confusion" about the interaction between two separate debt collection letters was "whether the second letter extended the original 30-day period." *Id.* at \*3. Here, Plaintiff has not alleged any letters prior to the Letter; instead, Plaintiff suggests that the Letter's simultaneous recitation of his validation rights *alongside* the Inquiry Notice creates confusion regarding whether, and by what means, Plaintiff must dispute his debt. *Brenker* discusses no such situation or potential inconsistency.

Second, Defendants argue that Plaintiff was not, in fact, confused by the Letter.  (Defs.' Mem. 9 ("Plaintiff cannot later claim he was confused about the content of the letter.  But-for Plaintiff having already exercised his rights, Resurgent would not have sent the Letter.").)  This argument is doubly flawed.  First, it relies on facts not alleged in the Complaint.  (*See supra* note 2.)  Second, "[i]t is immaterial whether Plaintiff was in fact confused by the [L]etter . . . because the 'least sophisticated consumer' standard ignores Plaintiff's particular circumstances." *Vu v. Diversified Collection Servs.*, 293 F.R.D. 343, 359 (E.D.N.Y. 2013) (citing *Easterling*, 692 F.3d at 234).  After all, "the FDCPA enlists the efforts of sophisticated consumers . . . as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson*, 516 F.3d at 91 (footnote omitted).

Accordingly, because Plaintiff has plausibly alleged that a "least sophisticated consumer"

might have interpreted the Inquiry Notice as "overshadow[ing] or contradict[ing]" the Validation

Notice, Plaintiff's § 1692g claim survives the instant Motion. *Id.* at 90.

### III. Conclusion

For the foregoing reasons, Defendant's Motion To Dismiss is denied.

The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No.

25).

SO ORDERED.

DATED:   September 23, 2020
         White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE